UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| RHONDA PHILLIPS,　　　　　) | |
| 　　　　　　　　　　　　　　　) | CIVIL COMPLAINT |
| 　　　Plaintiff,　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | Case No. 3:18-cv-2759 |
| GENERAL REVENUE　　　　) | |
| CORPORATION,　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　Defendant.　　　　　　) | JURY DEMAND |
| 　　　　　　　　　　　　　　　) | |

## COMPLAINT

Now comes RHONDA PHILLIPS ("Plaintiff"), complaining as to the conduct of GENERAL REVENUE GROUP ("Defendant").

**NATURE OF THE ACTION**

1.　　Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*; the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*; and Ohio common law.

**JURISDICTION AND VENUE**

2.　　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and substantial portion of the events giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff is a natural person residing in the Lima, Ohio area.

5. Defendant is a third-party debt collector that regularly collects upon consumers in Ohio.  *See About*, General Revenue Corporation (*last visited* June 25, 2018), https://www.generalrevenue.com/ContentSite/About.aspx.

6. Defendant is an Ohio corporation with its principal place of business in Ohio.

**FACTS SUPPORTING CAUSES OF ACTION**

7. At some point within the past year, Defendant called Plaintiff at her place of employment to collect on a student loan debt.

8. Plaintiff asked not to be called at her place of employment, and she provided Defendant with her cell phone number.

9. Defendant calls Plaintiff at her cell phone number and has successfully reached her there.

10. Defendant has Plaintiff's current mailing address and successfully sends her mail at that address.

11. Even though Defendant has the means to contact Plaintiff, and even though Defendant has Plaintiff's current mailing address, Defendant has recently called four of Plaintiff's coworkers to supposedly obtain information about Plaintiff.

12. Further, on November 27, 2018, Defendant even placed a call to the cell phone of the spouse of one of Plaintiff's coworkers in connection with Plaintiff's debt.

13. Defendant has identified itself as "General Revenue Corporation" on these calls to Plaintiff's coworkers, and as a result, Plaintiff's coworkers can easily surmise that Defendant is calling about an allegedly delinquent debt.

14. Defendant had no legitimate reason to call Plaintiff's coworkers (or the spouse of one of her coworkers) in connection with Plaintiff's debt.

15. Plaintiff has suffered embarrassment as a result of Defendant's actions.

**COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff realleges the paragraphs above as though fully set forth herein.

17. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, namely a student loan debt.

19. The FDCPA, pursuant to 15 U.S.C. § 1692c, states that "***Except as provided in section 1692b of this title***, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, ***a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer***

*reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector," unless certain exceptions apply*."

(Emphasis added.)

20. The exception provided in § 1692b does not apply because that section only permits debt collectors to contact third parties when attempting to acquire location information regarding a consumer. In this case, Defendant already had Plaintiff's mailing address, cell phone number, and work number.

21. Defendant did not have permission of a court of competent jurisdiction to engage in its activities, and its actions were not reasonably necessary to effect any postjudgment remedy. On reference, Defendant does not have any judgments against Plaintiff.

22. Defendant therefore violated § 1692c when it contacted, without any legitimate purpose, five different individuals in connection with collecting upon Plaintiff's student loan debt.

23. Plaintiff was injured because these phone calls to others caused her embarrassment at her place of employment.

### COUNT II—VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

24. Plaintiff realleges the paragraphs above as though fully set fourth herein.

25. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

26. Plaintiff is a "person" as defined by R.C. 1345.01(B).

27. Defendant is a "supplier" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

28. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

29. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

30. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one.  *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

31. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

32. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*.  *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

33. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

34. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

**COUNT III—INVASION OF PRIVACY**

[ 5 ]

35. Plaintiff restates the paragraphs above as though fully set forth herein.

36. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

37. Defendant invaded Plaintiffs' privacy by contacting five other individuals regarding Plaintiff's debt, interfering with her life.

38. Defendant's actions were so outrageous that they would cause shame or humiliation to a person of ordinary sensibilities, and Plaintiff was injured by this conduct.

WHEREFORE, Plaintiff requests that this Court provide relief as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Making a specific finding of fact that Defendant already has Plaintiff's location and contact information;

    c. Ordering Defendant to cease contacting Plaintiff's coworkers and others in connection with Plaintiff's student loan debt;

    d. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    e. Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

    f. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

g. Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

h. Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees of not less than 1.5 pursuant to the CSPA;

i. Awarding Plaintiff damages for common law invasion of privacy, together with punitive damages if appropriate;

j. Awarding Plaintiff the costs of this action; and

k. Awarding any other relief as this Honorable Court deems just and appropriate.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

Dated:  November 29, 2018

<u>By:  s/ Jonathan Hilton</u>

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277 Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*

[ 7 ]